FLETCHER v. CINCIN. REALTY CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2776. Decided April 12, 1926

27. ACTIONS—Where plaintiff sues for libel and alleges breach of contract in the inducement; failure of the cause of action for libel will not afford him relief as for breach of contract in the amount of special damages prayed for, when the theory of the petition is for the libel and not for breach of contract.

HAMILTON, J.

Victor Fletcher entered into a contract with the Cincinnati Realty Co. whereby the Company was to furnish and provide assembly rooms, tables, food and service necessary for and incident to a banquet. Invitation were sent to about 500 citizens of Cincinnati. Fletcher tendered his check to the Company which refused to accept same and refused to serve the banquet.

The Company inserted an announcement in the paper informing those citizens who had received invitations that no such banquet would be served under the auspices of Fletcher. Fletcher brought an action for libel in the Cincinnati Superior Court against the Company, claiming that the publication was malicious with intention to dishonor, disgrace and scandalize him. Damages in the sum of $100,000 was prayed for; and $500 further for special damages by reason of incurring expenses in mailing the invitations.

The Cincinnati Superior Court sustained the demurrer of the Company and Fletcher not desiring to plead further, judgment was entered dismissing the petition. Error was prosecuted and the Court of Appeals held:

1. The announcement published is simply that the banquet would not be held and it is clear that it is not libelous per se.

2. Although the inducement in the petition alleges a breach of contract, there is no law by which a public announcement of the refusal to carry out a contract is libelous, where no libelous reason is given for the refusal.

3. It is urged that if the first cause of action does not state a cause of action in libel, there is sufficient to allege a cause of action for breach of contract to the extent of $500 pleaded as special damages.

4. It is clear from the language of the petition that there was no intention to bring an action for breach of contract.

5. While the allegations made would be proper in a breach of contract action, these allegations were all necessary to be pleaded by way of inducement in the libel action.

6. The court will not pick out some parts of the allegations which might tend to support an action for breach of contract, when it is clear that the pleader in his petition does not intend to bring an action for breach of contract.

Judgment affirmed.

Attorneys—Weiland, Strother & Weiland for Fletcher; Frost & Jacobs for Company; all of Cincinnati.